

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stephen P. Hebert
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-1769
Re: Article 698, C.C.P., 1925, as amend-
ed -- authority of court to permit
defendant to remain at large on his
own recognizance.

This will acknowledge receipt of your letter of
December 12, 1939, wherein you ask the opinion of this de-
partment upon the following question:

In a misdemeanor case, where the punishment assess-
ed is by fine only, may the County Judge, in the exercise
of sound discretion, permit the defendant, where judgment
is deferred, to remain at large upon his own recognizance
indefinitely?

Article 698, C.C.P., as amended (Article 698, Ver-
non's Code of Criminal Procedure, 1939 supplement), reads
as follows:

"On each verdict of acquittal or conviction,
the proper judgment shall be entered immediately.
If acquitted the defendant shall be at once dis-
charged from all further liability upon the charge
for which he was tried; provided that, in misde-
meanor cases where there is returned a verdict,
or a plea of guilty is entered and the punishment
assessed is by fine only, the Court may, on written
request of the defendant and for good cause shown,
defer judgment until some other day fixed by order
of the Court; but in no event shall the judgment
be deferred for a longer period of time than six
(6) months. On expiration of the time fixed by
the order of the Court, the Court or Judge thereof

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

shall enter judgment on the verdict or plea and
the same shall be executed as provided by Chapter
4, Title 9, of the Code of Criminal Procedure of
the State of Texas. Provided further, that the
Court or Judge thereof, in the exercise of sound
discretion may permit the defendant where judg-
ment is deferred, to remain at large on his own
recognizance, or may require him to enter into
bond in a sum at least double the amount of the
assessed fine and costs, conditioned that the
defendant and sureties, jointly and severally,
will pay such fine and costs unless the defendant
personally appears on the day set in the order
and discharges the judgment in the manner pro-
vided by Chapter 4, Title 9 of the Code of Crim-
inal Procedure of the State of Texas; and for the
enforcement of any judgment entered, all writs,
processes and remedies of the Code of Criminal
Procedure are made applicable so far as neces-
sary to carry out the provisions of this Article."

The statute clearly provides that the judgment
shall not be deferred for a longer period of time than six
(6) months, and that in every instance where the court
exercises his discretion to defer the judgment, his order
so doing must fix the date to which the judgment is defer-
red, and that day must not be more than six months from
the date of the reception of the verdict or plea of guilty.
It is only in the instance that the judgment has been
thus deferred that the court, in the exercise of a sound
discretion, may permit the defendant to remain at large
on his own recognizance.

The authority of the court to permit the defendant
to remain at large on his own recognizance where the judg-
ment has been deferred is necessarily limited by the preced-
ing provisions of this statute prescribing the period of
time for which the judgment may be deferred. The authority
of the court is to permit the defendant, where judgment is
deferred, to remain at large on his own recognizance during
the period of deferment. Any attempt on the part of the
court, by order, to defer judgment indefinitely, or beyond
the six months period, or to permit the defendant to remain
at large on his own recognizance indefinitely, or beyond
the six months period, would not only constitute a violation

of the provisions of Article 698, but would constitute an attempted exercise of the pardoning power, a power which is vested by the Constitution of the State of Texas exclusively in the Governor of this State, subject, of course, to the affirmative recommendation of the Board of Pardons & Paroles.

Trusting that the foregoing answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R.W.Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED DEC 23, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN